UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARIO MIRABAL,

                             **Plaintiff,**

        -against-

DEUTSCHE BANK NAT'L TRUST CO., et al.,

                            **Defendants.**

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/2025

**25-CV-7423 (JPC)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

    Plaintiff, who is proceeding *pro se* and has paid the filing fee to initiate this action, seeks to proceed *in forma pauperis* ("IFP") so that he can "utilize[e] U.S. Marshal service to effectuate service of process on named defendants," to "avoid[] undue costs in litigation, including PACER access fees," and for "full access to court resources as a self-represented litigant under financial strain." ECF No. 5. Before the Court can grant Plaintiff IFP status, the Court must assess Plaintiff's assets to determine whether Plaintiff qualifies. Accordingly, the Court directed Plaintiff to file an Application to Proceed Without Prepaying Fees or Costs form. ECF No. 7. Plaintiff now seeks to file his application under seal. The motion is denied.

    Both the common law and the First Amendment protect the public's right of access to court documents. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-98 (1978); Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the

particular case." <u>Nixon</u>, 435 U.S. at 598-99. Still, a party seeking the sealing of court documents must overcome a strong presumption in favor of public access to judicial records, <u>see</u> <u>Lugosch v. Pyramid Co.</u>, 435 F.3d 110, 119 (2d Cir. 2006), and "the burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action …." <u>DiRussa v. Dean Witter Reynolds, Inc.</u>, 121 F.3d 818, 826 (2d Cir. 1997).

Plaintiff has not established that the information that the Court is required to consider is sufficiently sensitive that it justifies the extraordinary relief the Plaintiff seeks. Plaintiff is, of course, encouraged to redact bank account numbers or social security and tax identification numbers, <u>see</u> Fed. R. Civ. P. 5.2(a), but such information is not necessary for the Court's inquiry.

Plaintiff is directed to file the Application to Proceed Without Prepaying Fees or Costs form on the public docket. If IFP status is granted, the Court will "issue and serve all process," pursuant to 28 U.S.C. § 1915(d). Plaintiff will, however, be required to provide the Court with the service addresses for each of the Defendants.

IFP status, however, does not automatically entitle Plaintiff to free PACER access. Still, Plaintiff may obtain access to PACER without incurring a fee as provided by the Electronic Public Access Fee Schedule, Effective January 1, 2020 (the "Fee Schedule"), http://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Paragraph 8 of the Fee Schedule lists the automatic fee exemptions, which include, among other things, no fee the first time a litigant accesses an electronically filed document or for access to judicial opinions.

Finally, as an alternative to service by the U.S. Marshals Service, Plaintiff is encouraged to contact the Federal *Pro Se* Legal Assistance Project run by the City Bar Justice Center. The City Bar Justice Center may be able to assist the Plaintiff with serving the Defendants with a

waiver of service of summons form as an alternative to seeking assistance from the U.S. Marshals Service. The City Bar Justice Center can be reached by phone (212-382-4794) or email (fedprosdny@nycbar.org).

## CONCLUSION

Plaintiff's request to file the Application to Proceed Without Prepaying Fees or Costs form under seal is DENIED.

If Plaintiff elects to publicly file such form, and IFP status is granted, Plaintiff must also provide service addresses for each Defendant to allow for service by the U.S. Marshals Service. If Plaintiff declines to seek IFP status or if IFP status is denied, Plaintiff may request the issuance of summons to serve the Defendants himself. Plaintiff is encouraged to contact the City Bar Justice Center to assist with such process.

The Clerk of Court is requested to terminate the motion at ECF No. 8.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 18, 2025
         New York, New York