UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                     :

MARIO MIRABAL,                       :

                       :

         Plaintiff,         :

                       :        25-cv-7423 (LJL)

    -v-                   :

                       :      MEMORANDUM &
DEUTSCHE BANK NATIONAL TRUST COMPANY,  :      ORDER
et al.,                     :

                       :

         Defendants.     :

                       X

--------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

Familiarity with these proceedings is assumed.  Plaintiff filed the complaint in this case on September 8, 2025, "to collaterally attack a foreclose judgment entered in Miami-Dade County, Florida" on the grounds that it was "void ab initio because it was procured through a fabricated mortgage assignment dated June 20, 2010."  Dkt. No. 1 at p. 5.[1]  The case was assigned to Magistrate Judge Wang for general pretrial supervision.  Dkt. No. 17.  On November 10, 2025, Judge Wang issued an order to Plaintiff to show cause why the case should not be transferred to the United States District Court for the Southern District of Florida under 28 U.S.C. § 1404(a).  Dkt. No. 24.  She observed that it was not clear that venue was proper in this District and that Plaintiff was a resident of Miami, Florida, who asserted that his constitutional rights were violated in Miami in connection with real property located in Miami and that a numerical majority of the named Defendants were located in Florida.  *Id.* at 2.  Plaintiff responded to the order to show cause on November 12, 2025.  Dkt. No. 29.[2]

---

[1] Citations are to ECF pagination unless otherwise indicated.
[2] Plaintiff also submitted a number of other filings which the Magistrate Judge considered in response to the order to show cause.  DKt. Nos. 25–28, 30.

On December 17, 2025, Magistrate Judge Wang issued an order transferring the instant proceeding, along with two related cases, to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Dkt. No. 31. After affording special solicitude to Plaintiff as a pro se litigant, *id.* at 5 n.2, she concluded that the balance of the factors favored a transfer. Plaintiff identified no witnesses who would be convenienced by retaining jurisdiction in the Southern District of New York, *id.* at 6, Plaintiff is a Florida resident who intended to participate in the case only by video conference and the majority of the named Defendants were located in Miami, *id.* at 6–7, Plaintiff sought relief with respect to real estate in Florida, *id.* at 7, the named Defendants were subject to personal jurisdiction in Florida and were likely beyond the subpoena power of the Southern District of New York court, *id.* at 7–8, any documents were located in Florida, *id.* at 8, an in-court appearance in the Southern District of New York would likely create a financial hardship for Plaintiff and for the Defendants, *id.* at 8–9, "[t]he Southern District of Florida, being located in Florida, would have more familiarity with Florida law than a court sitting in New York," *id.* at 9, Plaintiff's choice of forum was not entitled to great weight because he resided in Florida and complained about constitutional violations in Florida concerning Florida property, *id.* at 9–10, and the interests of justice as well as trial efficiency all favored Florida, *id.* at 10–11.

Plaintiff objected to the Magistrate Judge's order on December 18, 2025. Dkt. No. 33. This Court reviewed the Order and Plaintiff's objections, and ruled on December 19, 2025 that the objections were overruled. Dkt. No. 34. The Court concluded that Judge Wang's opinion was well-reasoned and neither clearly erroneous nor contrary to law. *Id.* at 1. The same day, Plaintiff moved to vacate the transfer order and for a stay of the transfer pending appeal. Dkt. No. 36. He filed a supplemental motion in support of that request the next day, Dkt. No. 37, and a proposal to "narrow the named Defendants" and to dismiss the Florida-based defendants and

cure the basis for the challenge to venue on December 21, 2025, Dkt. No. 38. Plaintiff filed another emergency motion for a temporary restraining order under Rule 65(b) on December 24, 2025. Dkt. No. 39. On January 4, 2026, Plaintiff submitted a motion to reopen jurisdiction and for the Court to adjudicate its request for a temporary restraining order under Rule 60(b). Dkt. No. 41. Plaintiff submitted a letter to the Court regarding that same request on January 6, 2026, Dkt. No. 42, and a Notice of Supplemental Developments on February 5, 2026, Dkt. No. 43.

The Court retains jurisdiction to decide Plaintiff's Rule 60 request.[3] Although the Court transferred the case prior to the date Plaintiff submitted his request, the Second Circuit has held that a court is not divested of jurisdiction over a case until it is "receiv[ed]" by the transferor court. *In re Warrick*, 70 F.3d 736, 739 (2d Cir. 1995). The Southern District of Florida acknowledged receipt of the case on December 29, 2025. *See* Minute Entry, December 29, 2025. Plaintiff initially filed his request for vacatur of the transfer order on December 19, 2025. Dkt. No. 36.

The Court interprets arguments by *pro se* litigants liberally, "so as to raise the strongest claims they suggest." *Brik v. Brodie*, 2024 WL 1604194, at *4 (E.D.N.Y. Apr. 12, 2024). Plaintiff's motion nevertheless fails on the merits. Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[3] Plaintiff has filed a petition for writ of mandamus in the Second Circuit. Dkt. No. 44. "[B]ecause mandamus is not an appeal, a petition requesting such relief generally 'does not oust the district-court's jurisdiction to carry on with its own proceedings.' A petition for a mandamus directing the district court to, for instance, decide a long-outstanding motion clearly would not deprive the district court of its power to do so." *Fed. Ins. Co. v. United States*, 882 F.3d 348, 362 (2d Cir. 2018) (quoting 16 Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Proc.: Juris.* § 3932.1 (3d ed. 2017).).

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud ..., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." *Stevens v. Mille*r, 676 F.3d 62, 67 (2d Cir. 2012).

In his motion to vacate the transfer order and for a stay of the order pending judicial review, Plaintiff invokes subsections (1) and (6) of Rule 60. Dkt. No. 36 at 3. Rule 60(b)(1) permits a district court to grant relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Mistake" under Rule 60(b)(1) includes "judicial errors of law." *Kemp v. United States*, 596 U.S. 528, 539 (2022). A district court may "correct its own mistakes that are 'of a substantive legal nature,' and 'its own mistake[s] of fact.'" *Castro v. Bank of N.Y. Mellon*, 852 F. App'x 25, 28 (2d Cir. 2021) (summary order) (first quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977); and then quoting *Gey Assocs. Gen. P'ship v. 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003)). Relief under Rule 60(b)(6)'s catchall provision "is available only in narrow circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). It "provides only grounds for relief not already covered by" Rule 60(b)(1)–(5). *Id.* Even then, "Rule 60(b)(6) may be applied only "in 'extraordinary

4

circumstances.'" *Id.* at 212 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)).

Under Rule 60(b)(1), Plaintiff argues first that the Court made a mistake by ruling on his objections to Magistrate Judge Wang's Order prior to the expiration of his 14-day period to object under Rule 72(a).  Dkt. No. 34.  The Court committed no error.  Plaintiff did object to the Magistrate Judge's Order just one day after it was entered.  Dkt. No. 33.  The Court responded directly to his objections in its Order rejecting those objections.  Dkt. No. 34.  Rule 72 does not permit a plaintiff to file as many motions objecting to a Magistrate Judge's orders as they please within the fourteen days, nor is there any authority to support Plaintiff's contention that even where an objection has already been filed, the Court must wait until the expiry of the fourteen day period to rule on the objection.  *See Friedman v. Self Help Cmty. Services*, 2015 WL 1246538, at *2 n.6 (E.D.N.Y. Mar. 17, 2015), *aff'd sub nom. Friedman v. Self Help Cmty. Services, Inc.*, 647 Fed. Appx. 44 (2d Cir. 2016) ("The court notes that Federal Rule of Civil Procedure 72 does not authorize the filing of serial objections, nor does it authorize the filing of objections beyond the fourteen days provided for by Rule 72(b)(2).").

Second, Plaintiff argues that the Court did not consider its objections to Magistrate Judge Wang's Order.  The Court's order expressly considered Plaintiff's objections to that Order, and Plaintiff does not illuminate which arguments it believes were not addressed there.  "Ordinarily, a movant alleging a 'mistake' under Rule 60(b)(1) 'must show that the district court committed a specific error.'"  *Lugo v. Artus*, 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (quoting *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir.1989)).  Regardless, having independently reviewed the record, the Court does not find that it overlooked any objection that would have a material impact on its Order overruling Plaintiff's objections to the transfer order.

Plaintiff also seeks relief under Rule 60 on the basis that the findings did not address "newly submitted clarifying materials." Dkt. No. 36 at 3. The Court construes this request as one under Rule 60(b)(2). To obtain relief on grounds of newly discovered evidence under Rule 60(b)(2), the movant must show: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (internal citations and quotations omitted). In his motion, Plaintiff does not provide or point to any new evidence that the Court failed to consider. Nor, having revisited Plaintiff's filings following Magistrate Judge Wang's Order, has the Court identified any evidence that either Magistrate Judge Wang or this Court's prior order failed to consider. *See* Dkt. Nos. 32, 33, 35. In what is titled his "Supplemental Summary Memorandum Regarding December 17, 2025 Transfer Order," Plaintiff argues that Magistrate Judge Wang failed to analyze the content of the Pooling Services Agreement and its choice of law clause. Dkt. No. 35. Both Judge Wang and this Court considered Plaintiff's argument as to that document. As this Court concluded in responding to that objection, Judge Wang recognized "that Plaintiff raised issues with respect to a New York-governed Pooling and Services Agreement," but "did not give those facts the weight or significance which Plaintiff ascribes to them." Dkt. No. 34 at 3.

Plaintiff also moves for relief under Rule 60(b)(6). "Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)). Plaintiff does not present any

new arguments in this subsection, reiterating his argument that the action should be heard in New York because it involves "foreclosure assignment practices arising from trusts governed by New York law." Dkt. No. 36 at 3. The Court previously explained that Judge Wang recognized that Plaintiff raises issued with respect to New York law, but that it nevertheless applied the balancing factors and found that jurisdiction was proper in the Southern District of Florida. Dkt. No. 34 at 3. Merely reiterating that same argument is not the kind of "extraordinary" circumstances that merits relief under Rule 60(b)(6).

In his Supplemental Motion in support of his request under Rule 60(b), submitted the day after his initial Rule 60(b) motion, Plaintiff suggests that the Court use "[a]ny modern text-based intelligent analysis tool (e.g. OpenAI GPT, Grok, Gemini)" to perform a test to determine "whether the assignment of Plaintiff's mortgage . . . was legally valid." Dkt. No. 37 at 2–3. That request is both not appropriate, and does not address the Court's transfer order, which does not turn on the merits of Plaintiff's mortgage assignment. The Supplemental Motion, construed liberally, is not cognizable under Rule 60.

To the extent that Plaintiff proposes retroactively to change the composition of his case and to drop the Florida-based Defendants, Dkt. No. 38, the Court's transfer decision did not turn upon the presence of the Florida-based entities as Defendants but rather upon the fact that Plaintiff himself is a Florida resident complaining of violations in Florida concerning property in Florida. That Plaintiff would drop the Florida entities as Defendants does not make them any more subject to this Court's jurisdiction as witnesses.

Plaintiff also submitted a motion for relief seeking a temporary restraining order under Rule 65(b) in light of ongoing violations by the state court. Dkt. No. 39. In essence, the motion seeks an order from this Court restraining state court action in Florida pending resolution of the

7

Rule 60(b) motion. First, the substance of motion does not turn on the Court's transfer order, and does not seek reconsideration thereof, and is better addressed to the Southern District of Florida. Second, this Court cannot intervene in those proceedings because such relief is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283. The Act provides broadly that "[a] court of the United States may not grant an injunction to stay proceedings in a State court." *Id.* A federal court may intervene in a state court proceeding in only three circumstances: if Congress expressly authorizes such intervention, if a court deems it "necessary in aid of its jurisdiction," or where a court seeks "to protect or effectuate its judgments." *Id.* Thus, "any injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). State court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately" the Supreme Court of the United States. *Id.* The Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend. Corp.*, 433 U.S. 623, 630 (1977). Plaintiff has not demonstrated that the requested injunction would fit within the three authorized circumstances.

Finally, Plaintiff has submitted a motion for this Court to re-open jurisdiction and adjudicate his Rule 60(b) request. Dkt. No. 41. As explained, the Court retains jurisdiction to address Plaintiff's Rule 60(b) motion following transfer of his case to the Southern District of Florida. In the motion, Plaintiff requests that this Court retain jurisdiction over this matter on the basis that (1) the state ejectment judgment and writ of possession that he seeks to avoid are void

and were procured by fraud; (2) that Plaintiff is a relator in an unsealed FCA case in the Southern District of Florida and that the ejectment action is retaliatory conduct under 31 U.S.C. § 3730(j); (3) that the Florida state court denied his emergency stay motion and authorized a writ of enforcement; and (4) that as a result, Plaintiff was evicted from his home.  Dkt. No. 41 at 3. These arguments do not address the merits of the transfer order, which was based on "the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  As the Court previously explained, Judge Wang did not commit error in determining that the facts as alleged in this case, on balance, favors adjudication in Florida.  Dkt. No. 34.  They do not provide grounds upon which the Court will reconsider the transfer order under Rule 60(b).

Plaintiff's motions for reconsideration are denied.  The Clerk of Court is respectfully requested to close Dkt. Nos. 36, 37, 39, and 41.

SO ORDERED.

Dated: May 13, 2026
    New York, New York

_____
LEWIS J. LIMAN
United States District Judge

9